JUDGE BATTS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

11 CIV 7887

| | |
|---|---|
| CESAR VARGAS, on behalf of himself and all others similarly situated, | Civil Action No.  ECF CASE |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| - against - | |
| HSBC Bank USA, N.A., | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Cesar Vargas ("plaintiff") individually and on behalf of all others similarly situated, through his undersigned attorneys, for his Class and Collective Action Complaint against Defendant HSBC Bank USA, N.A. ("defendant") alleges as follows:

## NATURE OF ACTION

1. This class action arises out of defendant's pervasive and repeated disregard of federal and New York State labor laws during the course of plaintiff's employment as a fund accountant for the defendant. Plaintiff brings this action pursuant to the federal Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law § 190, *et seq.* (the "NYLL"), for defendant's failure to pay plaintiff and certain fund accountants all wages due including overtime pay. Plaintiff seeks damages on his own behalf and on behalf of such fund accountants.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b), and in addition has diversity jurisdiction pursuant to 28 U.S.C. §1332(a). Plaintiff's state law claims are interposed in accordance with the Court's supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (2), as the defendant is located in this district in New York County, New York, and the events giving rise to the claims herein occurred in this district.

4. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

5. Plaintiff Cesar Vargas is a resident of West New York, New Jersey. He has been employed by the defendant as a Senior Fund Accountant from January 2008 to the present. Plaintiff, like all of the similarly situated people he seeks to represent, works at defendant's principal office in New York City at 330 Madison Avenue, New York, New York 10017.

6. At all relevant times, plaintiff and those similarly situated have been employees of defendant within the meaning of the FLSA, 29 U.S.C. §203(e).

7. At all relevant times, plaintiff and those similarly situated have been employees of defendant within the meaning of the NYLL §190(2).

8. Plaintiff has consented to be a party to the FLSA claims in the action pursuant to FLSA, 29 U.S.C. §216(b). His written consent is attached.

9. Defendant HSBC Bank USA, N.A. (National Association), is the principal subsidiary of HSBC USA Inc., which is a wholly-owned subsidiary of HSBC North America Holdings, Inc., which is one of the nation's largest bank holding companies by assets. HSBC Bank USA N.A. is also the indirect subsidiary of UK-based HSBC Holdings plc which is the world's second-largest banking and financial services group.

10. According to defendant its "main office" is located in McLean, Virginia "with a principal office" located in New York City at 330 Madison Avenue, New York, NY 10017.

11. Defendant's business operations are divided into various departments or operations including HSBC Global Transaction Banking. HSBC Securities Services, a division of HSBC Global Transaction Banking, includes the group Alternative Fund Services ("AFS") which provides administration services to various alternative funds of clients such as hedge funds, funds of funds and private equity funds. Among the various services AFS provides to its funds is fund accounting.

12. At all relevant times, defendant has been an enterprise engaged in commerce or in the production of goods for commerce and has an annual gross volume of business in excess of $500,000.

13. Defendant has been at all relevant times a covered employer within the meaning of the FLSA.

14. Defendant has been at all relevant times a covered employer within the meaning of the NYLL §190(3).

## COLLECTIVE ALLEGATIONS

15. Plaintiff brings the First Claim as a collective action pursuant to the FLSA, 29 U.S.C. §216(b), on behalf of himself and other similarly situated people, which shall include:

> All current and former employees who work or worked as a Fund Accountant (including Senior Fund Accountants) for the Alternative Fund Services (AFS) group of the defendant HSBC Bank USA, N.A. at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

16. Defendant is liable under the FLSA for, inter alia, failing to properly compensate plaintiff, and failing to pay plaintiff overtime pay for time worked in excess of 40 hours in a workweek. There are likely over 40 similarly situated current and former employees of the defendant who worked as a Fund Accountant or Senior Fund Accountant in the AFS group who

have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the defendant, are readily identifiable, and can be located through defendant's records that they are required to create and maintain under applicable federal and state law. Notice should be sent to the FSLA Collective pursuant to the FLSA, 29 U.S.C. §216(b).

17. Defendant's violations of the FLSA described above have been willful and therefore a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. §255(a).

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings the Second Claim as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class, consisting of:

> All current or former employees who work or worked as Fund Accountants (including Senior Fund Accountants) for the Alternative Fund Services (AFS) group of the defendant HSBC Bank USA, N.A. at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

19. The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the Rule 23 Class members is unknown to plaintiff at this time but there are believed to be over 40 such persons. The identity of the Rule 23 Class members is known to the defendant and is contained in the employment records that the defendant is required to create and maintain as a matter of state and federal law.

20. Plaintiff's claims are typical of the claims of the other members of the Rule 23 Class as plaintiff and all other members of the Rule 23 Class sustained damages arising out of defendant's conduct in violation of the New York State laws complained of herein. The Rule 23

Class members work, or have worked, for the defendant in New York as Fund Accountants or Senior Fund Accountants and were not paid overtime wages by the defendant. They have sustained similar types of damages as a result of defendant's failure to comply with the NYLL and supporting regulations of the New York Department of Labor.

21. Plaintiff will fairly and adequately protect the interests of the members of the Rule 23 Class and has retained counsel competent and experienced in complex class action litigation.

22. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the Rule 23 Class.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

24. Common questions of law and fact exist as to all members of the Rule 23 Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Rule 23 Class are:

   a. Whether the NYLL and the supporting regulations were violated by defendant's acts as alleged herein;

   b. Whether defendant failed to pay overtime wages to plaintiff and other Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NYLL and the supporting regulations.

   c. Whether plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

25. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate relief with respect to the Rule 23 Class as a whole.

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and Rule 23 Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendant's compensation practices to prosecute vigorously a lawsuit against the defendant to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

## FACTUAL ALLEGATIONS

27.     Defendant employs and employed plaintiff and other employees with the job title "Fund Accountant" or "Senior Fund Accountant" in defendant's AFS group. Defendant, through its uniform policies, practices and supervisors, directed the work activity of plaintiff and other Fund Accountants and Senior Fund Accountants (collectively "Fund Accountants") all of whom work and worked at a single location in New York City.

28.     Defendant suffered and permitted plaintiff and other Fund Accountants to regularly work more than eight hours per day and more than 40 hours per week without overtime compensation for all overtime hours worked.

29.     The principal duties, among other duties, of an AFS group Fund Accountant are to prepare monthly portfolio valuations and maintain accounting records for the fund to which the employee is assigned. The positions of Fund Accountant and Senior Fund Accountant are described by defendant in a single job description which is entitled: "Alternative Fund Services (AFS)-HSBC, Job Description, Fund Accountant-Sr. Fund Accountant."

30. Because defendant did not fully pay plaintiff and other Fund Accountants for their overtime hours, defendant did not provide plaintiff and other Fund Accountants with all compensation owed to them. It is, and has been, at all relevant times, defendant's policy and practice to treat AFS group Fund Accountants as "exempt" from the overtime pay requirements of the FLSA and NYLL.

31. Defendant's unlawful conduct has been widespread, repeated and consistent and has caused significant damages to plaintiff and the FLSA Collective and the Rule 23 Class.

## FIRST CLAIM FOR RELIEF
### Fair Labor Standards Act
### Unpaid Wages and Overtime Pay

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. At all times relevant herein, the plaintiff and the FLSA Collective were employed by defendant within the meaning of the FLSA.

34. Defendant was required to properly pay plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

35. Defendant failed to pay plaintiff and the FLSA Collective all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled in accordance with the FLSA, 29 U.S.C. §207.

36. Defendant's violation of the overtime requirements of the FLSA was part of their regular business practice and constituted a pattern, practice, and/or policy.

37. As a result of defendant's violations of the FLSA, plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §216(b).

38. Defendant's unlawful conduct, as described above, was intentional, willful and in bad faith. Defendant knew or should have known that the practices complained of herein were unlawful. Defendant knew that plaintiff and the FLSA Collective routinely worked in excess of 40 hours per week.

39. Defendant's violations of the FLSA in this First Claim for Relief have been willful and therefore a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. §255(a).

## SECOND CLAIM FOR RELIEF
### New York Labor Law
### Unpaid Wages and Overtime Pay

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. At all times relevant herein, the plaintiff and the Rule 23 Class were employed by defendant within the meaning of the NYLL.

42. Defendant violated plaintiff's rights and the rights of the members of the Rule 23 Class as set forth in the NYLL and the New York State Department of Labor Regulation §142-3.2, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

43. As a result of defendant's violations of the NYLL, plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked, by being denied overtime wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs pursuant to the NYLL.

44. Defendant's unlawful conduct, as described above, was intentional, willful and in bad faith. Defendant knew or should have known that the practices complained of herein were unlawful. Defendant knew that plaintiff and the Rule 23 Class routinely worked in excess of 40 hours per week.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff, the FLSA Collective and the Rule 23 Class pray for the following relief:

A. An order certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. §216(b) for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

B. Designation of the named plaintiff as representative of the FLSA Collective;

C. An order certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Second Claim for the class of employees described herein, certifying plaintiff as the class representative and designating plaintiff's counsel as class counsel;

D. Judgment for plaintiff and the FLSA Collective Action members for all statutory, compensatory, consequential and liquidated damages, or any other damages

authorized by law or equity, sustained as a result of defendant's unlawful conduct for which defendant is jointly and severally liable, as well as pre-judgment and post-judgment interest;

E. Judgment for plaintiff and the Rule 23 Class members for all statutory, compensatory, consequential and liquidated damages, or any other damages authorized by law or equity, sustained as a result of defendant's unlawful conduct for which defendant are jointly and severally liable, as well as pre-judgment and post-judgment interest;

F. An award to plaintiff and the FLSA Collective and Rule 23 Class for their reasonable attorneys' fees, costs, including expert fees, and expenses as authorized by law;

G. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and under appropriate state law; and

H. Any and all other relief as authorized by the federal or state statutes, common law or equity which the Court deems appropriate under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

ABBEY SPANIER RODD & ABRAMS, LLP

By: _____
Judith L. Spanier
jspanier@abbeyspanier.com
Orin Kurtz
okurtz@abbeyspanier.com
212 East 39th Street
New York, New York 10016
Telephone: 212-889-3700

LAW OFFICES OF MITCHELL SCHLEY, LLC
Mitchell Schley
mschley@schleylaw.com
245 Park Avenue, 24th Floor
New York, New York 10167
Telephone: (212) 672-1848

Dated: November 4, 2011            **Attorneys for Plaintiff**

## FAIR LABOR STANDARDS ACT CONSENT

I consent to be a party plaintiff in a lawsuit against HSBC Bank USA, N.A. and other related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b). I hereby designate the Law Offices of Mitchell Schley, LLC and Abbey Spanier Rodd & Abrams, LLP to represent me in such a lawsuit.

*[signature]*
**Signature**

Cesar A VARGAS
**Full Legal Name (Print)**

6600 Blvd. East Apt 2H
**Address**

WEST NEW YORK, NJ 07093
**City, State**     **Zip Code**